IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:22-CR-78 |
| | ) | JUDGE VARLAN |
| ALLEN TEAGUE, | ) | Magistrate Judge McCook |
| | ) | |
| Defendant. | ) | |

**MOTION TO SUPPRESS AND MEMORANDUM OF LAW IN SUPPORT BY DEFENDANT ALLEN TEAGUE**

COMES the Defendant Allen Teague ("Teague"), by and through counsel, and pursuant to Fed. R. Crim. P. 12(3)(c), and the Fourth (4th) Amendment to the United States Constitution, hereby moves this Court to suppress all evidence seized as the result of a traffic stop on August 10, 2022 as officers from the Knox County Sheriff's Department lacked probable cause to make the stop thus tainting any search and seizure of evidence. In support of this Motion Teague shows the following:

**FACTUAL BACKGROUND**

1. Teague has been charged in an Indictment on three (3) counts. Count one (1) charges Teague and six (6) others with conspiracy to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(A).

2. Teague has also been charged in Counts Three (3) and Four (4) with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)

3. The case against Teague relies heavily if not exclusively on evidence seized as the result of a traffic stop and arrest on August 10, 2022.

4. The stop and arrest occurred on Western Avenue at University Avenue. Officers Yearout and Davis of the Knox County Sheriff's Office ("KCSO") made the stop.

5. According to Yearout's KCSO report, on August 10, 2022 he observed a Grey Dodge Charger with a temporary tag traveling North on Clinton Highway near Merchants Drive.

6. Yearout further reports that officers were aware of recent encounters of similar newer Dodge "sedans" with stolen temporary tags. Yearout further states that officers were in pursuit of vehicle close to the same location the night before. Officers reportedly observed occupants of that vehicle refuse to look at officers and pull into several locations known for drug activity.

7. The Grey Dodge Charger pulled over on August 10, 2022 had a temporary tag dated to expire on October 3, 2022. Yearout then states: "The temporary tag is a violation of T.C.A. 55-4-221 that states a temporary tag to be issued for a period of 30 days at a time."

8. Yearout, assisted by Davis stopped the Charger. Upon his initial approach he reported the smell of marijuana. Yearout requested Teague exit the vehicle.

9. Teague was asked to stand in front of Yearout's vehicle. Yearout reports Teague being extremely nervous and sweating profusely.

10. Davis conducted a records check. While he did so, Yearout deployed a K-9 who alerted for the presence of narcotics.

11. Yearout reports approaching the Charger to begin his search. At that point Teague reportedly became agitated and attempted to walk towards Yearout. Yearout reports attempting to detain Teague; Teague trying to flee; Teague being taken to the ground and eventually detained.

12. Yearout noticed Teague had an injury to his leg and called for an ambulance. Teague was eventually transported to the University of Tennessee Hospital.

13. Before Teague was transported, he was searched. Officers located cash and a firearm on his person.

14. During a search of Teague's car, officers seized two (2) additional handguns, loose ammunition, approximately 30.8 ounces of methamphetamine, approximately 41.2 grams of crack cocaine, approximately 57 grams of cocaine, approximately 11.5 grams of heroin; approximately two (2) pounds of marijuana, a digital scale and Four Thousand Four Hundred Twenty-Seven Dollars ($4,427.00) in cash. Some of the seized items were in a bag on the driver side floorboard while the remaining items were located in the trunk.

## ARGUMENT

I. **Standing**.

As a threshold issue, Teague has standing to challenge the search and seizure of the 2018 Dodge Charger. Teague purchased the Charger from Old Ben Franklin Motors on

August 4, 2022. (See, Notice of Filing Exhibits, Ex. 1). He holds both a possessory and ownership interest in the vehicle which confers standing to challenge the stop, search and seizure.

A person is seized by the police and entitled to challenge the government's affidavit under the Fourth (4th) Amendment when the officer by means of physical force or show of authority terminates or restrains his freedom of movement. Brendlin v. California, 551 U.S. 249, 254, 127 S. Ct. 2400, 168 L. Ed. 2d 497 (2007). A seizure occurs when in viewing all of the circumstances surrounding the incident, a reasonable person would not believe he was free to leave. Id. (citing, United States v. Mendenhall, 446 U.S. 544, 100 S. Ct. 1870, 64 L. Ed. 2d 497(1988)). In Fourth (4th) Amendment terms a traffic stop entails a seizure of the driver even though the purpose of the stop is limited and the resulting detention quite brief. Id. (citing, Delaware v. Prouse, 440 U.S. 648, 653, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979)).

Here by asking Teague to exit the vehicle and later detaining him there's no doubt he was seized. Teague challenges the search and seizure as it was lacking probable cause.

**II. The Stop Was Not Based on Probable Cause.**

The Fourth (4th) Amendment protects citizens against unreasonable searches or seizures. United States v. Lemons, 2022 WL 357170 at * 4 (E.D. Tenn. Feb. 7, 2022) (citing, U.S. CONST, amend. IV). Importantly to this motion, an officer must have probable cause to believe that a traffic violation has occurred or was occurring. If he does not, the resulting stop is not lawful and violates the Fourth (4th) Amendment. Id. (citing, United States v. Ferguson, 8 F. 3d 385, 391 (6th Cir. 1993)).

4

Probable cause is reasonable grounds for belief supported by less than prima facie proof but more than mere suspicion. Id. (citing, United States v. Bennett, 905 F. 2d 931, 934 (6th Cir. 1990)). In other words probable cause means a substantial chance or likelihood of criminal conduct. Id.

In this case, the traffic stop was not based on probable cause as there was no traffic violation. The Knox County Sheriff's deputies making the stop apparently don't know the law. Therefore, the stop, search and seizure are bad and the evidence must be thrown out.

The officer cites a violation of the Temporary Tag Law as his probable cause for initiating the stop. In the report (see, Notice of Filing Exhibits, Ex. 2), the officer states: "Listed vehicle was observed to have a temporary tag dated for expiration on 10/03/2022. The temporary tag is a violation of T.C.A. 55-4-221 that states a temporary tag to be issue[d] FOR A PERIOD OF 30 DAYS AT A TIME." (Capitalization and Emphasis Added).

Besides the fact that the officer cited the wrong statute in his report, a thirty (30) day temporary tag is no longer the law in Tennessee. As of July 1, 2022 a temporary tag is now good for sixty (60) days. Teague purchased the vehicle on August 4, 2022. His temporary registration was issued until October 3, 2022, in full compliance with the law. (See, Notice of Filing Exhibits, Ex. 3).

> "BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE
> Section 1. Tennessee Code Annotated, Section 55-4-226(c)(4), is amended by deleting the following language:
> Temporary plates may be issued for a period of thirty (30) days. The fee for the thirty-day plate is five dollars and fifty cents ($5.50).
> And substituting the following:

> Temporary plates may be issued for a period of sixty (60) days, The fee for the sixty-day plate is six dollars and fifty cents ($6.50).
> Section 2. This act takes effect July 1, 2022, the public welfare requiring it."

(Notice of Filing Exhibits, Ex. 4).

Teague's vehicle was in full compliance with the law. The stop was not based on probable cause and the subsequent search and seizure was made in violation of the Fourth (4th) Amendment.

### III. All Evidence Recovered from Both Teague and The Vehicle Must be Suppressed.

The officers in this case cannot attempt to remanufacture probable cause based on other factors such as the smell of marijuana or Teague's nervousness as they had no basis to stop the vehicle in the first instance. Nervousness alone has been discarded as a basis for probable cause. As the Sixth (6th) Circuit has held nervousness is an unreliable indicator, especially in the context of a traffic stop. United States v. Richardson, 385 F. 3d 625, 630 (6th Cir. 2004) (citing, United States v. Saperstein, 723 F. 2d 1221, 1228 (6th Cir. 1983)).

As the initial stop was not based on probable cause, all evidence seized thereafter must be suppressed. "Evidence obtained as a direct result of an unconstitutional search or seizure is subject to exclusion." United States v. Elmore, 692 F. Supp. 2d 915, 920 (E.D. Tenn. 2010) (citing, Segura v. United States, 468 U.S. 796, 804, 104 S. Ct. 3380, 82 L. Ed. 2d 599 (1984)). "The exclusionary rule reached not only primary evidence obtained as a direct result of an illegal search and seizure, but also evidence later discovered and found to be derivative of an illegality or fruit of the poisonous tree." Id.

6

The law is clear. The facts are clear. Applying the facts of this case to the controlling precedent leads only to the conclusion that all evidence seized on August 10, 2022 must be suppressed.

Respectfully submitted this 4th day of October, 2022.

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
9724 Kingston Pike, Ste. 505
Knoxville, Tennessee 37922
Phone: (865) 357-9800
Fax: (865) 357-9810
e-mail: mbrown@menefeebrown.com

*Attorney for the Defendant Allen Teague*

## CERTIFICATE OF SERVICE

I hereby certify on this 4th day of October, 2022 a true and exact copy of this document has been served via this Court's electronic filing system. Service is made on all parties appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown

7